**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**WADE WEBER,**

                              **Plaintiff,**

**v.**

                                                            **17-CV-832S(Sr)**

**CONWAY TRANSPORTATION**
**SERVICES, INC., et al.,**

                              **Defendants.**

─────────────────────────────

<u>**DECISION AND ORDER**</u>

        This case was referred to the undersigned by the Hon. William M.

Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #3.


                              **FACTS**

        Plaintiff commenced this personal injury action following a slip and fall at

defendants' loading dock on December 12, 2014. Dkt. #15-1, ¶ 5.


        Plaintiff's Rule 26(a) Initial Disclosures indicate that plaintiff was employed

by Ryder Truck Rental on December 12, 2014, and submitted a Workers'

Compensation Claim for injuries sustained on defendants' premises. Dkt. #15-1, ¶ 11.

Plaintiff continues to work at Ryder Truck Rental, but medical records indicate

complaints by plaintiff that his left shoulder rotator cuff tear was interfering with his

ability to perform his job. Dkt. #15-1, ¶¶ 15-18. Plaintiff declined to provide employment

records on the ground that he was not currently making a claim for lost wages, past or future, but advised that an authorization for workers' compensation records would be provided. Dkt. #15-14, pp.3 & 6.

By letters dated October 4, 2017, November 6, 2017, December 19, 2017, January 9, 2018, February 5, 2018, March 22, 2018, defendants requested authorizations for release of the Workers' Compensation Board and Workers' Compensation Carrier files. Dkt. #15-5.

By letter dated March 22, 2018, defendants also requested an authorization for plaintiff's primary care physician(s) for the five years preceding the date of the accident through the present, limited to the body parts allegedly injured in this accident, and an authorization for plaintiff's employment records at Ryder Truck Rental since there were references in plaintiff's medical records that his shoulder injury affected his ability to perform his job. Dkt. #15-5.

On April 24, 2018, plaintiff served defendants with a first notice for discovery and inspection. Dkt. #17. Plaintiff requested a response to his discovery demands by letter dated June 8, 2018. Dkt. #17-2.

On June 13, 2018, defendants moved to: (1) compel authorizations for release of records from the Workers' Compensation Board and Workers' Compensation Carrier, employment records from Ryder Truck Rental and medical records from

plaintiff's primary care physician for the five years preceding the incident at issue in this lawsuit through the present; (2) extend the Case Management Order for an additional 180 days; and (3) award attorneys' fees and costs. Dkt. #15. In support of their motion, defendants argue that employment records and primary care records would indicate whether plaintiff had any prior shoulder issues which interfered with his ability to perform his job as a diesel mechanic and the extent to which the incident on December 12, 2014 was affecting his physical health. Dkt. #15-1, ¶ ¶ 19 & 23. Defendants seek an extension of the Case Management Order because they have been unable to conduct plaintiff's deposition pending receipt of outstanding discovery. Dkt. #15-1, ¶ 26.

In response, plaintiff's attorney affirmed that he had provided an authorization for the medical providers whose records would be contained in the Workers' Compensation files and had also served a complete copy of all the medical records currently contained in the Workers' Compensation Board file. Dkt. #17-1, ¶ ¶ 5-6. Plaintiff argues that defendants are not entitled to authorizations to obtain records from the Workers' Compensation Board, Workers' Compensation Carrier or Ryder Truck Rental. Dkt. #17-1, ¶¶ 13-14. With respect to the request for authorization to obtain records from plaintiff's primary physician, plaintiff's attorney argues that defendants have failed to make a good-faith showing that such records contain any reports of injuries or treatment to plaintiff's left shoulder prior to December 12, 2014. Dkt. #17-1, ¶ 15. Plaintiff's attorney states that plaintiff did not treat with a primary care doctor for an injury to his left shoulder prior to December 12, 2014. Dkt. #17-1, ¶ 8.

Plaintiff's attorney cross-moves to compel defendants' responses to plaintiff's first notice for discovery and inspection, which were served on April 24, 2018, despite a letter dated June 8, 2018 requesting a response . Dkt. #17, ¶¶ 10-11.

Defendants provided responses to plaintiff's first notice for discovery and inspection on July 26, 2018. Dkt. #20-1.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

Defendants are not required to rely upon plaintiff's counsel to provide plaintiff's medical records and is entitled to determine whether plaintiff had previously experienced any injury similar to that for which he currently seeks compensation. As a result, plaintiff shall provide the defendants with an authorization for release of all

workers' compensation records from the Workers' Compensation Board and Workers' Compensation Carrier and an authorization for release of medical records from plaintiff's primary care provider for the five years preceding the injury at issue in this lawsuit through the present. *See Robinson v. United States*, 205 F.R.D. 104, 107 (W.D.N.Y. 2001) (requiring plaintiff to sign authorization for release of all workers' compensation and employment records to determine whether plaintiff had a prior injury).

To the extent that plaintiff claims that his injury has affected his ability to perform his job duties, defendants are entitled to obtain employment records documenting the extent and duration of plaintiff's limitations. Accordingly, absent an affirmation from plaintiff that his injury has not affected his ability to perform his job duties at Ryder Truck Rental, plaintiff shall provide defendants with an authorization requesting that his employer disclose any documentation of plaintiff's injury or inability to perform his job duties due to injury that is contained in his employment record.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:

(I)     the movant filed the motion before attempting
            in good faith to obtain the disclosure or
            discovery without court action;

    (ii)    the opposing party's nondisclosure, response,
            or objection was substantially justified; or

    (iii)   other circumstances make an award of
            expenses unjust.

Although the Court has substantially granted defendants' motion to compel, the Court

finds that an award of attorney's fees is not warranted given defendants' own delay in

responding to plaintiff's first notice for discovery and inspection.

    Plaintiff shall comply with this Decision and Order by January 25, 2019.

    Depositions, and related discovery, shall be completed by April 26, 2019.

    Plaintiff's expert witness identification shall be disclosed by May 17, 2019.

Defendants' expert witness identification shall be disclosed by June 14, 2019.

Depositions of expert witnesses shall be completed by August 23, 2019.

    Dispositive motions shall be filed by September 20, 2019.

        **SO ORDERED.**

**DATED:**      **Buffalo, New York**
                **January 14, 2019**

                          **s/ H. Kenneth Schroeder, Jr.**
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**