UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WADE WEBER,

                        **Plaintiff,**

v.

                                                                  17-CV-832S(Sr)

**CONWAY TRANSPORTATION
SERVICES, INC., et al.,**

                        **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #3.

### FACTS

Plaintiff commenced this personal injury action following a slip and fall at defendants' loading dock on December 12, 2014. Dkt. #15-1, ¶ 5.

Plaintiff's Rule 26(a) Initial Disclosures indicate that plaintiff was employed by Ryder Truck Rental on December 12, 2014, and submitted a Workers' Compensation Claim for injuries sustained on defendants' premises. Dkt. #15-1, ¶ 11. Plaintiff continues to work at Ryder Truck Rental, but medical records indicate complaints by plaintiff that his left shoulder rotator cuff tear was interfering with his ability to perform his job. Dkt. #15-1, ¶¶ 15-18. Plaintiff declined to provide employment

records on the ground that he was not currently making a claim for lost wages, past or future, but advised that an authorization for workers' compensation records would be provided. Dkt. #15-14, pp.3 & 6.

By letters dated October 4, 2017, November 6, 2017, December 19, 2017, January 9, 2018, February 5, 2018, March 22, 2018, defendants requested authorizations for release of the Workers' Compensation Board and Workers' Compensation Carrier files. Dkt. #15-5.

By letter dated March 22, 2018, defendants also requested an authorization for plaintiff's primary care physician(s) for the five years preceding the date of the accident through the present, limited to the body parts allegedly injured in this accident, and an authorization for plaintiff's employment records at Ryder Truck Rental since there were references in plaintiff's medical records that his shoulder injury affected his ability to perform his job. Dkt. #15-5.

On April 24, 2018, plaintiff served defendants with a first notice for discovery and inspection. Dkt. #17. Plaintiff requested a response to his discovery demands by letter dated June 8, 2018. Dkt. #17-2.

On June 13, 2018, defendants moved to, *inter alia*, compel authorizations for release of records from the Workers' Compensation Board and Workers' Compensation Carrier, employment records from Ryder Truck Rental and medical

records from plaintiff's primary care physician for the five years preceding the incident at issue in this lawsuit through the present. Dkt. #15. In support of their motion, defendants argued that employment records and primary care records would indicate whether plaintiff had any prior shoulder issues which interfered with his ability to perform his job as a diesel mechanic and the extent to which the incident on December 12, 2014 was affecting his physical health. Dkt. #15-1, ¶ ¶ 19 & 23.

In response, plaintiff's attorney affirmed that he had provided an authorization for the medical providers whose records would be contained in the Workers' Compensation files and had also served a complete copy of all the medical records currently contained in the Workers' Compensation Board file. Dkt. #17-1, ¶ ¶ 5-6. Plaintiff argued that defendants were not entitled to authorizations to obtain records from the Workers' Compensation Board, Workers' Compensation Carrier or Ryder Truck Rental. Dkt. #17-1, ¶¶ 13-14. With respect to the request for authorization to obtain records from plaintiff's primary physician, plaintiff's attorney argued that defendants have failed to make a good-faith showing that such records contain any reports of injuries or treatment to plaintiff's left shoulder prior to December 12, 2014. Dkt. #17-1, ¶ 15. Plaintiff's attorney states that plaintiff did not treat with a primary care doctor for an injury to his left shoulder prior to December 12, 2014. Dkt. #17-1, ¶ 8.

By Decision and Order entered January 14, 2019, the Court directed plaintiff to provide the defendants with an authorization for release of all workers' compensation records from the Workers' Compensation Board and Workers' Compensation Carrier and an authorization for release of medical records from

plaintiff's primary care provider for the five years preceding the injury at issue in this lawsuit through the present and to provide the defendants with either an affirmation from plaintiff that his injury has not affected his ability to perform his job duties at Ryder Truck Rental or an authorization requesting that his employer disclose any documentation of plaintiff's injury or inability to perform his job duties due to injury that is contained in his employment record.  Dkt. #21. The Court set a deadline of January 25, 2019 for compliance with this Order. Dkt. #21.

On February 12, 2019, defendants moved to dismiss the complaint. Dkt. #20. In support of the motion, counsel for defendants avers that plaintiff failed to comply with the Court's Order. Dkt. #22-1, ¶ 8.

In response, plaintiff's attorney averred that he provided the authorizations to defense counsel on February 28, 2019. Dkt. #25, ¶ 8. Plaintiff's attorney states that although the text of the docket order contained updated case management deadlines, the deadline for providing authorizations was only included within the text of the Decision and Order, which he did not immediately read. Dkt. #25, ¶¶ 10-14. Thereafter, he was unable to immediately reach plaintiff because plaintiff had discontinued his landline. Dkt. #25, ¶ 15. Plaintiff's attorney eventually determined that plaintiff was out of the area until February 19, 2019. Dkt. #25, ¶ 16.

In reply, counsel for defendants avers that plaintiff's authorizations are incomplete and unusable. Dkt. #28, ¶ 13. For example, plaintiff failed to date the

-4-

authorizations and failed to include his social security number on the authorizations. Dkt. #28, ¶ ¶ 17 & 18. With respect to the authorization to the workers' compensation carrier, plaintiff failed to include any information relating to the date of incident, the carrier's case number or the claim number. Dkt. #28, ¶ 20. With respect to the Worker's Compensation Board, plaintiff limited the authorization to the incident at issue in this lawsuit. Dkt. #28, ¶ 21. With respect to an authorization for Kenmore Family Medicine, plaintiff failed to provide an address for that provider. Dkt. #28, ¶ 22. With respect to his employer, plaintiff limited the authorization to employment records. Dkt. #28, ¶ 23. Defendants complain that, more than two years after the filing of this lawsuit, they have yet to obtain basic documentation relating to plaintiff's claim. Dkt. #28, ¶ 41. More specifically, defendants argue that this latest failure to comply with the Court's Order is not an isolated incident, but part of a pattern of obstruction which has hindered defendants' ability to investigate and defend against plaintiff's claims. Dkt. #28-6, p.9.

> Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides:
>
> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
>
> (iii) striking pleadings in whole or part;

>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In exercising its discretion to dismiss an action pursuant to Rule 37, the Court should consider: (1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party had been warned of the consequences of non-compliance. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Although dismissal pursuant to Rule 37 is a drastic penalty which should be imposed only in extreme circumstances, discovery orders are meant to be followed. *Southern New England Tele. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Thus, while dismissal may be excessive where the "failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence," dismissal is appropriate "where counsel clearly should have understood his duty to the court." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979). "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v DeGeorge Financial Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002). "A litigant chooses counsel at his peril . . . and . . . counsel's disregard of his professional responsibilities can lead to extinction of his client's claim." *Cine Forty-Second St. Theatre Corp.,* 602 F.2d at 1068.

In the instant case, plaintiff's Rule 26(a)(1) disclosures recognized that his workers' compensation records were discoverable, yet five years after the alleged injury, despite repeated requests for an authorization for such records, despite the filing of a motion to compel and despite this Court's Order that plaintiff provide an authorization for release of all workers' compensation records from the Workers' Compensation Board and Workers' Compensation Carrier no later than January 25, 2019, defendants have yet to receive effective authorizations for these entities. Moreover, all of the authorizations are undated and lack information that the entity being called upon to release information would require, such as the plaintiff's social security number. Dkt. #28-4. In addition, the authorizations lack an address to which the requested information should be sent. Dkt. #28-4. Whether such errors and omissions are the result of obstruction or incompetence, they are unacceptable. However, the Court will exercise its discretion to afford plaintiff's attorney one final opportunity to provide the defendants with effective authorizations no later than **April 19, 2019.** Should plaintiff or his attorney fail to comply with this deadline, it is recommended that the action be dismissed with prejudice.

Plaintiff's attorney shall pay defendants attorney's fees for its efforts to obtain compliance with the Court's Order directing plaintiff to provide authorizations, which the Court estimates would reasonably total $1,000.00. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust."). Payment shall be made to defendants no later than **April 19, 2019** unless plaintiff's attorney objects to this estimation, in which case defense counsel shall submit an affidavit setting forth the actual cost of preparing the motion to dismiss, the March 19, 2019 letter and the affidavit dated March 22, 2019 for the Court's calculation of actual expenses no later than **May 3, 2019.**

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**     Buffalo, New York
April 3, 2019

               <u>s/ H. Kenneth Schroeder, Jr.</u>
               **H. KENNETH SCHROEDER, JR.**
               **United States Magistrate Judge**