UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WADE WEBER,

                                   **Plaintiff,**

v.                                                                        17-CV-832S(Sr)

**CONWAY TRANSPORTATION**
**SERVICES, INC., et al.,**

                                   **Defendants.**

_____

## ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #3.

        Plaintiff commenced this personal injury action in New York State Supreme Court, County of Erie, on January 24, 2017 seeking damages following a slip and fall at defendants' loading dock on December 12, 2014. Dkt. #1. The matter was removed to this Court based upon diversity jurisdiction on August 24, 2017. Dkt. #1.

        A Case Management Order entered October 19, 2017 set May 1, 2018 as the deadline for all fact depositions. Dkt. #10, ¶ 7.  Following the expiration of that deadline, defendants filed a motion to compel. Dkt. #15. By Decision and Order entered January 14, 2019, the Court directed plaintiff to provide the defendants with an authorization for release of all workers' compensation records from the Workers'

Compensation Board and Workers' Compensation Carrier and an authorization for release of medical records from plaintiff's primary care provider for the five years preceding the injury at issue in this lawsuit through the present and to provide the defendants with either an affirmation from plaintiff that his injury has not affected his ability to perform his job duties at Ryder Truck Rental or an authorization requesting that his employer disclose any documentation of plaintiff's injury or inability to perform his job duties due to injury that is contained in his employment record.  Dkt. #21. The Court set a deadline of January 25, 2019 for compliance with this Order and extended the deadline for fact depositions, and related discovery, to April 26, 2019. . Dkt. #21.

On February 12, 2019, defendants moved to dismiss the complaint for failure to comply with the Court's Order. Dkt. #22. By Report, Recommendation and Order entered April 3, 2019, the Court recommended that the motion be denied and afforded plaintiff one final opportunity to provide the defendants with effective authorizations no later than April 19, 2019. Dkt. #29. Judge Skretny adopted the Report, Recommendation and Order on September 30, 2019. Dkt. #36.

Following a status conference before the Court on October 15, 2019, the Court extended the Case Management Order, including deadlines which had already expired, to allow completion of fact depositions by December 20, 2019 and completion of all discovery by April 10, 2020. Dkt. #40.

In response to a Text Order entered October 8, 2020 by Judge Skretny inquiring as to the status of this case (Dkt. #43), plaintiff submits "that the completion of discovery was not conducted due to the ensuing public health crisis and shutdown." Dkt. #44, p.2. Defense counsel advised that the matter is ready for trial and notes that the deadline for completion of fact depositions expired well before the pandemic and that all deadlines set in the Case Management Order expired without any request from plaintiff for further discovery and without any request to the Court for extension of the Case Management Order. Dkt. #45.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a Case Management Order may be modified only for good cause and with the judge's consent. More specifically, the 1983 Advisory Committee Notes to Rule 16 state that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *See Smith v. Bradt*, 329 F.R.D. 337, 504 (W.D.N.Y. 2019). Thus, a finding of good cause depends upon the diligence of the moving party. *Grochowski v. Phoenix Const*., 318 F.3d 80, 86 (2d Cir. 2003), *citing Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000). "In determining whether a party has been diligent, courts consider what information the party knew, or should have known, in advance of the deadline sought to be extended." *Smith*, 329 F.R.D. at 505 (internal quotation omitted). Even where a party has been diligent, a court may still deny extension of the Case Management Order when it would prejudice the non-moving party. *Id.* However, lack of prejudice to the non-moving party

will not excuse the moving party's lack of diligence. *Gullo v. City of N.Y.*, 540 Fed. App'x 45, 47 (2d Cir. 2013).

Accordingly, plaintiff shall file a motion, no later than **November 6, 2020**, setting forth specifically what discovery remains outstanding and demonstrating good cause for his inability to obtain such discovery within the parameters of any of the Case Management Orders issued in this case.

**SO ORDERED.**

**DATED:** Buffalo, New York
October 20, 2020

                             *s/ H. Kenneth Schroeder, Jr.*
                             **H. KENNETH SCHROEDER, JR.**
                             **United States Magistrate Judge**